UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-CV-23653-FAM

**OLAPLEX, LLC**, and **LIQWD, INC.**,

     Plaintiffs,

v.

**VERBENA PRODUCTS LLC d/b/a BEAUTYVICE**, and **ROBERT ROQUE**,

     Defendants.
_____

**VERBENA PRODUCTS LLC d/b/a BEAUTYVICE** and **ROBERT ROQUE**,

     Counterclaim-Plaintiffs,

v.

**OLAPLEX, LLC**, and **LIQWD, INC.**,

     Counterclaim-Defendants.
_____/

## MOTION TO DISMISS COUNT I OF COUNTERCLAIM

Pursuant to the provisions of Rule 12(b)(6), Fed.R.Civ.P., Plaintiffs/Counter-Defendants, OLAPLEX, LLC and LIQWD, INC. (hereinafter "Olaplex" or "Plaintiffs"), hereby file this Motion to Dismiss Count I of the Counterclaims filed by Defendants/Counterclaim Plaintiffs VERBENA PRODUCTS LLC d/b/a BEAUTYVICE and ROBERT ROQUE (hereinafter "Counter-Plaintiffs" or the "Verbena Defendants"

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620, Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

(Doc. No. 10, hereinafter "Counterclaim I") for failure to state a claim upon which relief may be granted.

## I. INTRODUCTION

In Counterclaim I, the Verbena Defendants ask this Court for relief in the form of a declaratory judgment that they do not infringe the federally-registered trademarks asserted in the Complaint, namely U.S. Trademark Registration Nos. 4,533,436; 4,557,585; and 4,682,909 (collectively the "Olaplex Trademarks"). As set forth below, a determination of the substantive merits of Counterclaim I will be identical to the fundamental factual and legal analysis of the claims asserted in Olaplex's Complaint. Counterclaim I will be rendered moot by the Court's disposition of Olaplex's claims and, as a result, should be dismissed with prejudice.

## II. FACTUAL BACKGROUND

Since 2014, Plaintiffs have extensively and exclusively sold goods bearing the OLAPLEX® trademark throughout the United States, and Plaintiffs own the exclusive right to use and reproduce the OLAPLEX® trademark. The OLAPLEX® mark has acquired considerable value and is well known to the consuming public and trade as identifying and distinguishing OLAPLEX® products. Plaintiffs exercise strict quality control over the production, bottling, packaging, and distribution of the products sold under the OLAPLEX® trademark, and each unit is marked with a product code that is used as a quality assurance, anti-counterfeiting, and anti-theft measure. (Doc. No. 1, ¶¶ 16-24).

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620, Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

Plaintiffs brought this action for trademark counterfeiting, trademark infringement, and unfair competition pursuant to the Lanham Act, and for trademark infringement and unfair competition under the common law of the State of Florida, shortly after learning that the Verbena Defendants were removing codes from the labels of OLAPLEX® bottles and subsequently offering for sale and selling these decoded products to consumers. The removal of codes on these OLAPLEX® products interferes with Plaintiffs' quality control and anti-counterfeiting efforts in violation of the Lanham Act. (*Id.*, ¶¶ 25-38).

Defendants responded to the Complaint by, *inter alia*, filing two Counterclaims on November 19, 2018. (Doc. No. 45). Through Counterclaim I, the Verbena Defendants seek a declaration that they have not and do not infringe the Olaplex Trademarks. The allegations of Counterclaim I mirror Olaplex's claims in the Complaint. For example, Olaplex alleges that the Verbena Defendants engaged in trademark counterfeiting, trademark infringement, and unfair competition. (Doc. No. 1, ¶¶ 42-67). The Verbena Defendants, in their Counterclaim I, allege that their conduct is permissible and seek a declaration "that they have not and do not infringe the [Olaplex] Trademarks." (Doc. No. 10, p. 9 at ¶¶ 11, 13). A resolution of Olaplex's claims, as asserted in the Complaint, will necessarily resolve the Verbena Defendants' counterclaim seeking a declaratory judgment of non-infringement, as the substance of the claims is identical.[1]

---

[1] Olaplex notes that this Motion to Dismiss seeks only partial disposition of the Verbena Defendants' Counterclaims. However, pursuant to Rule 12(a)(4), Fed.R.Civ.P., and cases interpreting this rule, "filing a partial motion to dismiss will suspend the time to answer those claims or counterclaims that are not subject to the motion." *See ThermoLife Intern., LLC v. Gaspari Nutrition, Inc.,* 2011 U.S. Dist. LEXIS 145504 (D. Ariz.) (even when a pending motion

3

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620, Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

### III. ARGUMENT AND CITATION OF AUTHORITIES

#### A. Legal Standard

Under Rule 12(b)(6), a case must be dismissed when the allegations asserted in the complaint "fail[] to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Dismissal pursuant to Rule 12(b)(6) is appropriate when it appears no relief can be granted under any set of facts that could be proven consistent with the allegations. *Fowler v. Coad*, 2015 U.S. Dist. LEXIS 52765, *2-3 (N.D. Fla. Apr. 22, 2015)(*citing Hishon v. King & Spalding*, 467 U.S. 69, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984)). A motion to dismiss a counterclaim for failure to state a claim is treated the same as a motion to dismiss a complaint. *See Edge Sus. LLC v. Aguila*, 2015 U.S. Dist. LEXIS 144830 (S.D. Fla. Oct. 26, 2015)(*citing Geter v. Galardi S. Enters., Inc.*, 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014)).

Federal Rule of Civil Procedure 8(a) and *Iqbal* require a short-and-plain statement of facts supporting the elements of the Verbena Defendants' Counterclaim I, sufficient to "nudge [their] claims ... across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* S*pace Coast Credit Union v. Merrill Lynch, Pierce,*

---

to dismiss may only address some of the alleged claims, the motion to dismiss tolls the time to respond to all claims under Rule 12(a)(4)); *see also Beaulieu v. Board of Trustees of University of West Florida*, 2007 U.S. Dist. LEXIS 98749, *2-3 at n.1 (N.D. Fla. [Aug. 24, 2007])(holding that a partial motion to dismiss "automatically extends" the time to file a responsive pleading on unchallenged claims pursuant to Rule 12(a)(4)); *Brocksopp Engineering, Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485, 486-87 (E.D. Wis. 1991) (holding that requiring an answer to unchallenged claims would result in duplicative sets of pleadings in the event the 12(b) motion is denied and cause confusion). As such, Olaplex intends to file a responsive pleading to the unchallenged portion of the Counterclaims within 14 days of the Court's entry of an order resolving the instant Motion to Dismiss.

4

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620, Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

*Fenner & Smith Inc.*, 2014 U.S. Dist. LEXIS 39159, *13 (S.D. Fla. Mar. 25, 2014). Post-*Twombly*, "the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted." *Prams Water Shipping Co. v. Salvador Group, Ltd.*, 2013 U.S. Dist. LEXIS 97630, 5 (S.D. Fla. July 11, 2013). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *R&R Games, Inc. v. Fundex Games, Ltd.*, 2013 U.S. Dist. LEXIS 97621, 24 (M.D. Fla. July 12, 2013)(*quoting Iqbal*, 556 U.S. at 678); *see also Edge Sys. LLC*, 2015 U.S. Dist. LEXIS 144830 at *7 ("A complaint must also contain enough facts to indicate the presence of the required elements.")(*citing Pielage v. McConnel*, 516 F.3d 1282, 1284 (11th Cir. 2008)). But, claims that consist only of "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" *(ibid),* or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are insufficient and should be dismissed. *Id.*

In the instant case, Counterclaim I should be dismissed because it is merely duplicative of the Complaint itself and, therefore, has no useful purpose.

### B. Counterclaim I Should be Dismissed as Redundant

Counterclaim I for declaratory relief is duplicative of the claims for relief in the Plaintiffs' Complaint. Counterclaim I does not raise issues beyond the Plaintiffs' claims for federal trademark counterfeiting (Count 1), federal trademark infringement (Count 2), federal unfair competition (Count 3), and common law trademark infringement and unfair

5

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620, Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

competition (Count 4). Thus, Counterclaim I should be dismissed because the relief sought is within the determination of the claims in the Plaintiffs' Complaint.

Federal law provides that district courts may entertain actions for declaratory judgment in "case[s] of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). Under such circumstances, district courts have the authority to grant declaratory relief and "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Id.* The Court's discretion over whether to sustain a claim for declaratory judgment extends to cases where a direct action involving the same parties and the same issues has already been filed. *Knights Armament Co. v. Optical Sys. Tech.*, 568 F. Supp. 2d 1369, 1374-75 (M.D. Fla. 2008)(*citing Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)("It is well settled that the declaratory remedy should not be invoked merely to try issues . . . in pending cases.")).

When deciding whether to dismiss a counterclaim on the basis that it is redundant, the Court must consider "whether a declaratory judgment serves a useful purpose." *See MacKnight Food Grp., Inc. v. Santa Barbara Smokehouse, Inc.*, 2015 U.S. Dist. LEXIS 143705, *4-5 (S.D. Fla. Oct. 22, 2015); *see also It's a 10, Inc. v. Beauty Elite Grp., Inc.*, 2013 U.S. Dist. LEXIS 70380, *9 (S.D. Fla. May 16, 2013)(*citing Medmarc Cas. Ins. Co. v. Pineiro & Byrd, PLLC*, 783 F. Supp. 2d 1214, 1216 (S.D. Fla. 2011)). In other words, "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *See MacKnight Food Grp. Inc.*, 2015 U.S. Dist. LEXIS 143705 at *4-5.

6

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620, Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

Case No. 1:18-CV-23653-FAM

In this case, Plaintiffs allege that the Verbena Defendants are engaged in the unlawful enterprise of tampering with and removing product codes from genuine OLAPLEX® products, and subsequently offering for sale and selling these decoded products in such a way as to constitute, among other things, trademark infringement and unfair competition pursuant to the Lanham Act. (Doc. No. 1, ¶¶ 42-67). Counterclaim I is a "mirror image[] of [said claims], dealing with the same legal and factual issues." *It's a 10*, 2013 U.S. Dist. LEXIS 70380 at *9 ("Therefore, there is no need for the declaratory judgment, and the Court in its discretion will dismiss this part of the Counterclaim."); *see also Sembler Family P'ship #41, Ltd. v. Brinker Fla., Inc.*, 2008 U.S. Dist. LEXIS 104707, *4-5 (M.D. Fla. Dec. 19, 2008)("In the instant case, Brinker-FL's declaratory judgment action mirrors Plaintiff's damages claim, and, as such, Brinker-FL's counterclaim is redundant and unnecessary."). "Because the parties' rights with respect to trademarks will be decided by the infringement claims at hand, there is no need for declaratory judgment. Thus, the Court [should] dismiss[] [the] declaratory judgment claim without leave to amend." *Knights Armament*, 568 F. Supp. 2d at 1375.

> Defendant's counterclaim for a declaratory judgment **does not serve a useful purpose.** Courts routinely dismiss counterclaims "that contain repetitious issues already before the court by way of the complaint or affirmative defenses." *Medmarc*, 783 F. Supp. 2d at 1217. Because the counterclaim is wholly duplicative of Defendant's Ninth affirmative defense, the Court declines to exercise its discretion over this claim. Therefore, Count IX of Defendant's counterclaim must be dismissed.

*Edge Sys. LLC*, 2015 U.S. Dist. LEXIS 144830, *15-16 (emphasis added). The result should be no different here.

> In making a decision, *Stickrath* advises that **"[t]he court** should focus on whether the counterclaims 'serve any useful purpose,' and **should dismiss or strike a**

7

> **redundant counterclaim only when 'it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim.'"** *See* 2008 U.S. Dist. LEXIS 95127, [WL] at *4 (citations omitted). "**In determining the usefulness of a claim, courts may consider whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim.**" *It's a 10, Inc. v. Beauty Elite Grp., Inc.*, No. 13-60154-CIV, 2013 U.S. Dist. LEXIS 121773, 2013 WL 4543796, at *2 (S.D. Fla. Aug. 27, 2013)(Cohn, J.) (internal citation and quotations omitted). Here, the counterclaim for declaratory relief implicates the same factual and legal issues as RC Home's affirmative defenses. . . . As such, the resolution of RC Home's affirmative defenses would resolve the issues involved in the counterclaim. Therefore, the Court grants Tecnoglass's motion with respect to Count I, and dismisses the claim for declaratory relief contained in the counterclaim with prejudice.

*Tecnoglass, LLC v. RC Home Showcase, Inc.*, 2017 U.S. Dist. LEXIS 166032, *10-11 (S.D. Fla. Oct. 6, 2017)(Scola, J.)(emphasis added),. As set forth herein, there is a "complete identity of factual and legal issues" between Olaplex's Complaint asserting infringement claims and the Verbena Defendants' Counterclaim seeking a declaration of non-infringement. Maintaining Counterclaim I will unduly prejudice Plaintiffs by forcing them (and the Court) to expend time, energy, and other resources in addressing an utterly useless and entirely duplicative Counterclaim.

## IV.  CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the Court enter an Order **GRANTING** this Motion and dismissing the Verbena Defendants' Counterclaim I on the basis that the Verbena Defendants have failed to state a claim upon which relief can be granted.

8

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620, Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

Case No. 1:18-CV-23653-FAM

DATED:     December 10, 2018      Respectfully submitted,

**FRIEDLAND VINING, P.A.**

/s/David K. Friedland
By:  **David K. Friedland**
Florida Bar No. 833479
Email:  dkf@friedlandvining.com
**Jaime Rich Vining**
Florida Bar No. 030932
Email:  jrv@friedlandvining.com
9100 S. Dadeland Blvd., Suite 1620
Miami, FL 33156
(305) 777-1720 – telephone
(305) 456-4922 – facsimile

*Counsel for Plaintiffs/*
*Counterclaim Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the above referenced date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the Manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Richard Guerra
Rafael Perez-Pineiro
THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami, FL 33131
email: rguerra@brickellip.com
email: rperez@brickellip.com
*Service via ECF*

/s/David K. Friedland
David K. Friedland

9